FILED

JUN 07 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PLANS INC.,

        Plaintiff - Appellant,

  v.

SACRAMENTO CITY UNIFIED
SCHOOL DISTRICT and TWIN RIDGES
ELEMENTARY SCHOOL DISTRICT,

        Defendants - Appellees.

No. 10-17720

D.C. No. 2:98-cv-00266-FCD-
EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted May 17, 2012
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

PLANS appeals from the district court's entry of judgment after a bench trial

on the basis of a partial finding under Rule 52(c) of the Federal Rules of Civil

Procedure. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court's "evidentiary rulings are reviewed for an abuse of discretion, and will not be reversed absent a showing of prejudice." *Larez v. City of Los Angeles*, 946 F.2d 630, 638 (9th Cir. 1991). We hold that the district court did not abuse its discretion in excluding all but one of the exhibits that PLANS proposed.

Reviewing the district court's findings of fact for clear error and its conclusions of law de novo, *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001), we agree that PLANS failed to meet its burden of showing that anthroposophy is a religion for purposes of the Establishment Clause. Although we express no view as to whether anthroposophy could be considered a religion on the basis of a fuller or more complete record, the record as it is before us is simply too thin to sustain that conclusion.

PLANS argues on appeal that a determination that anthroposophy is a religion is not necessary for it to prevail on its Establishment Clause claim. This argument may be correct. PLANS waived it, however, by failing to raise it below, in response to the motion for judgment under Rule 52(c), and by twice agreeing to the bifurcation of the trial. PLANS's counsel signed a Joint Final Pretrial Conference Statement describing the question "whether Anthroposophy is a religion" as a "threshold issue," which would "be adjudicated first." PLANS failed to object to the district court's inclusion of the same language in the Pretrial Conference Order. It is clear from the record that

the parties agreed, for purposes of this case, that unless anthroposophy is a religion, PLANS could not prevail. There could be no other purpose to the bifurcation of the trial. "We have consistently held that issues not preserved in the pretrial order have been eliminated from the action." *S. Cal. Retail Clerks Union & Food Emp'rs Joint Pension Trust Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984).

PLANS had yet another opportunity to raise the issue in response to the defendants' motion for judgment on the basis of a partial finding: it could have argued that its claim was not one that could "be maintained or defeated only with a favorable finding on" the question whether anthroposophy is a religion. Fed. R. Civ. P. 52(c). It made no such argument.

Because PLANS failed to argue below that it could prevail even if anthroposophy is not a religion, we will not consider that argument here. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *see also Mendoza v. Block*, 27 F.3d 1357, 1359-60 (9th Cir. 1994).

**AFFIRMED.**